IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN JORDAN, III, | : | CIVIL NO. 3:CV-14-2048 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Melvin Jordan, III ("Jordan"), a federal inmate incarcerated at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I.  **Background**

On September 29, 2008, Jordan pled guilty in the United States District Court for the Northern District of Iowa to a violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1), felon in possession of a firearm and unlawful transport of firearms, and was sentenced to 169 months imprisonment. (See United Stated District Court for the Northern District of Iowa Electronic Docket USA v. Jordan, 1:08-cr-00010-LRR). On September 4, 2008, pursuant to the Judgment in a Criminal case, Jordan was committed to the custody of the Federal Bureau of

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

Prison ("BOP"). (Id.) No direct appeal was filed. (Id.) On December 23, 2010, the judgment was amended to reflect a reduction of sentence to 109 months for changed circumstances, FED. R. CRIM. P. 35(b). (Id.)

On March 12, 2014, Jordan filed a motion to vacate pursuant to 28 U.S.C. § 2255. (See United Stated District Court for the Northern District of Iowa Electronic Docket Jordan v. USA, 1:14-cv-00035-LRR). The motion was denied on April 1, 2014. In denying the motion, the district court set forth the following:

> This matter appears before the court on Melvin Jordan, III's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Melvin Jordan, III ("the movant") filed such motion on March 12, 2014. Because judgment entered against the movant on September 4, 2008 and the movant never filed a direct appeal, any action attacking his conviction or sentence is barred by the one-year statute of limitation. The movant's conviction became final in September of 2008 and he only sought relief in March of 2014, which is well beyond the applicable time frame. *See* 28 U.S.C. § 2255(f)(1). Further, no other subsection under 28 U.S.C. § 2255(f) applies to movant's situation. The movant is not able to rely on *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013), because the Supreme Court has not made it retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The movant cites to no case in which the Supreme Court has declared that its decision in *Descamps* to be retroactively applicable on collateral review and the court's own search has not revealed any cases that have applied *Descamps* retroactively to a case on collateral review. [citations omitted].

(See United Stated District Court for the Northern District of Iowa Electronic Docket Jordan v. USA, 1:14-cv-00035-LRR, Docs. 2-3). He appealed to the United States Court of Appeals for the Eighth Circuit and, on September 19, 2014, the motion for a certificate of appealability was denied. (Id. at Doc. 12)

2

The instant petition was filed on October 24, 2014. He argues that he is entitled to relief because the sentencing court erroneously relied upon an Iowa state court third degree burglary conviction in determining he was a career criminal for purposes of a sentencing enhancement finding. (Doc. 1, pp. 6-7). In so arguing, he relies on <u>Descamps v. United States</u>, — U.S. —, 133 S.Ct. 2276 (2013), which held that federal sentencing courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the state crime of which the defendant is convicted has a single indivisible set of elements. <u>Id.</u> at 2281-82.

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002) (citing <u>Davis v. United States</u> 417 U.S. 333, 342 (1974)); see <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). Jordan has failed to seek certification from the appropriate court of appeals to file a second or subsequent § 2255 petition. 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see <u>Dorsainvil</u>, 119 F.3d

3

at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Jordan fails to demonstrate that he falls within the Dorsainvil exception. He fails to allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Moreover, his reliance on Descamps, 133 S.Ct. 2276 is misplaced because it does not render non-criminal petitioner's conviction in the District Court of Iowa; it only relates to the sentence that he received. Specifically, Jordan contends that he is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. Accord United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner

was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") *cert. denied*, — U.S. —, 133 S.Ct. 201 (2012).

If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

<u>s/James M. Munley</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:    December 17, 2014